UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS M. KELLY,

                       Plaintiff,

v.                                                                          1:24-CV-0855
                                                                                (GTS/DJS)

STATE OF NEW YORK,

                       Defendant.
_____

APPEARANCES:

DOUGLAS M. KELLY
  Plaintiff, *Pro Se*
7 Rock Street, Apt. 1
Greenwich, New York 12834

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Douglas M. Kelly ("Plaintiff") against the State of New York ("Defendant"), are United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Complaint be dismissed with leave to amend, and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 6, 9.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

      Even when construed with the utmost of special leniency, Plaintiff's Objections do not contain a specific challenge[1] any portion of the Report-Recommendation. (*Compare* Dkt. No. 9

---

      [1]     To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis

*with* Dkt. No. 6.) Rather, Plaintiff's Objections contain (1) general challenges to the Report-Recommendation and/or incoherent bases for objections, (2) wholly inappropriate *ad hominem* attacks against Magistrate Judge Stewart, (3) actual acknowledgments of the pleading deficiencies of the Complaint, and (4) off-topic arguments. (*See generally* Dkt. No. 9.)

In any event, even if Plaintiff's Objections could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds, after carefully reviewing the relevant papers herein, no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 6.) As a result, the Report-Recommendation is accepted and adopted in its

---

for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3]    When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

entirety for the reasons set forth therein. (*Id.*)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED** without further Order of the Court **UNLESS**, **within THIRTY (30) DAYS** from the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that any such Amended Complaint must be a complete pleading, which shall supersede and replace the original Complaint in all respects, and which shall not incorporate by reference or rely on any portion of the original Complaint; and it is further

**ORDERED** that, should Plaintiff timely file an Amended Complaint, that Amended Complaint shall be returned to Magistrate Judge Stewart for further review pursuant to 28 U.S.C. § 1915.

Dated: December 10, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge